## Haverstick's Appeal.

1. Where the context in a will shows that the testator used the word "heirs" in the sense of children, it will be so construed.

2. A testator bequeathed to the children and grandchild of his deceased sister (naming them) a sum of money in equal parts or shares, and provided as follows: " Should any of the above named not survive me then their shares to go to their legal representatives in equal parts or shares, and should any of them die before the distribution of my estate, *without heirs*, then the part allotted to such, shall be divided equally among the others named." One of said legatees died soon after the testator's death, without leaving issue to survive her: *Held*, that by the words, "without heirs," the testator meant "without children," and that the bequest over to the other legatees named in the will therefore took effect. *Held*, further, that neither the surviving husband nor the administrator of the deceased legatee was entitled to take the share which said legatee would have taken if living.

April 19th, 1883.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Montgomery county :* Of January Term 1883, No. 176.

This was an appeal by Horace Haverstick, administrator of Mrs. Melcenæ McAlonan, from a decree of the said court dismissing his exceptions to the report of an Auditor in the matter of the distribution of the balance in the hands of the executors of Eli Stover, deceased, and confirming the said report.

The facts of the case were as follows: Eli Stover died September 4th 1881, having by his will, dated October 11th 1879, proved September 20th 1881, provided, inter alia as follows :

"Item.   I give, devise and bequeath in the first place unto the children or legal representatives of my deceased sister, Mary, who was intermarried to Abraham Hendricks, the sum of four thousand dollars ($4,000,) in five equal parts or shares as follows : To Mary Hartzell, wife of John Hartzell, eight hundred dollars.   To Aaron H. Harley, son of Isabella Harley, deceased, the sum of eight hundred dollars.   To Aaron Hendricks the sum of eight hundred dollars.   To Mary Ann Detwiler, wife of William Detwiler, the sum of eight hundred dollars.   To Melcenæ Shrawder (widow) the sum of eight hundred dollars.

" Should any of the above named not survive me, then their share to go to their legal representatives, in equal parts or shares, and should any of them die before the distribution of my estate, without heirs, then the part allotted to such shall be divided equally among the others named."

The said Mrs. Melcenæ Shrawder, widow, married Archie

McAlonan in May 1881, about four months prior to testator's decease. She died November 19th 1881, about ten weeks after the testator. She left her husband surviving, but no issue. Letters of administration on her estate were granted to Horace Haverstick, who appeared before the Auditor appointed to distribute the estate of Eli Stover and claimed the $800 as bequeathed to Mrs. Shrawder under the above cited bequest. The Auditor rejected the claim of Mrs. McAlonan's administrator and decided that the testator meant that if Mrs. Shrawder died without children, her share should go to "the others named," and also that the husband was not "an heir."

The Auditor therefore distributed the legacy or sum of $800 which would have gone to Melcenæ McAlonan, had she been living, to Elizabeth Hartzell, Aaron H. Harley, Aaron Hendricks and Mary Ann Detwiler.

Exceptions filed by Horace Haverstick, administrator of Mrs. McAlonan, deceased, to the said findings and report of the Auditor were dismissed by the court and the report was confirmed. Whereupon, the exceptant took this appeal, assigning for error the decree of the court.

*H. K. Weand*, for the appellant.—Upon the death of the testator, the bequests vested in the legatees subject to be divested only in case a legatee "died before the distribution of the estate" and "without heirs." By a violent change in the language used by the testator, the court below substituted the word "children" for "heirs." There may be cases where the evident intent of the testator would warrant such a construction; but we contend that there is nothing in this case to show that the testator did not use the word "heirs" in its usual and ordinary sense as understood by laymen, viz., "those who inherit from each other:" Rewalt *v.* Ulrich, 11 Harris 388. Under this definition, the surviving husband of the legatee was entitled to take as heir or representative of his wife within the meaning of the will: Patterson *v.* Hawthorn, 12 S. & R. 112; Buckley *v.* Reed, 3 Harris 83; Gibbons *v.* Fairlamb, 2 Casey 218; 2 Redfield on Wills cap. XIII. § 46. The fact that the husband can take, excludes from consideration the bequest over to the "others named:" Biddle's Appeal, 19 P. F. S. 190; Rewalt *v.* Ulrich, 11 Harris 388; Letchworth's Appeal, 6 Casey 175. The fact that the legatee died before actual distribution did not affect the legal question of the vesting of the legacy.

*Charles Hunsicker* and *Aaron Swartz*, for the appellees.— The bequest was to Mrs. Shrawder, widow, with a bequest over, in default of her leaving heirs, to the other nephews and nieces. Had Mrs. Shrawder died a widow without issue, no

question could have arisen as to the intent of the testator. The fact that at her death she left to survive her a second husband, does not, we submit, either obscure or illumine the question of the testator's intent. It being quite clear from the context that the testator used the word "heirs" in the sense of children or issue, the court below was justified by the precedents in so construing it: Berg *v.* Anderson, 22 P. F. S. 90; Fahrney *v.* Holsinger, 15 P. F. S. 388; Bundy *v.* Bundy, 38 N. Y. Ct. of Appeals 421; Myers's Appeal, 13 Wr. 113.

The opinion of the court was filed May 7th 1883.

PER CURIAM. The intent of the testator is very clear. Having given specific legacies to the several persons named, he provided: "Should any of them die before the distribution of my estate, without heirs, then the part allotted to such shall be divided equally among the others named." He did not mean that the husband or wife of either of them should take in that contingency. In the sense in which the word "heirs" is there used, the testator meant child or children. The word heirs must be held to mean issue or children when necessary to carry out the clear intent of the testator: Fahrney *v.* Holsinger, 15 P. F. Smith 388; Berg *v.* Anderson, 22 Id. 87.

The limitation over was to persons named and in being at the time of the death of the testator. It was on a definite, not on an indefinite, failure of issue, and the property was personalty.

> Decree affirmed and appeal dismissed at the costs of the appellant.